Good morning, Ms. McAllister. Good morning, Your Honors. Shall I begin? You can. You know what? Let me let me take a second and express something from the panel as a whole. You know, there's something you don't hear nearly often enough, and it's thank you. And that's to you as a Chapter 13 trustee and somebody who, along with Chapter 13 trustees around the country, really makes this system work. There's an is indicative of your commitment to the job and your view about how the system ought to work. And we want to take that very seriously. I think you can probably assume that, you know, given our day jobs as bankruptcy judges, and we deal with Chapter 13's all of us, you are at some level preaching to a choir on that one. So I'm not telling you what you should or shouldn't say. I'll tell you, you don't have three people skeptical about the worth of anything you do. Thank you. In my mind, this is a fascinating statutory construction problem, and you are free to take it wherever you want. But, you know, you've got people who are well aware of how hard you work and the value of what you provide to the system. Thank you. Okay. Well, if it may please the court. Good morning, Your Honors. My name, of course, is Kathleen McAllister, and I am the Chapter 13 trustee for the District of Idaho. And an issue before the court today is the issue of the Chapter 13 trustees. That compensation is controlled by 28 U. S. C. Section 5 86 E and nothing else. There's more than just because of the situation and what Judge Lafferty said. One second. I second what he said, too. I think we can jump right into it and and to not put too far of a point of it. Reading the materials in your brief, the biggest problem I see is 12 26. And now I believe it's 11 94 for the for the Chapter 12 trustees in the sub five Chapter 11 trustees that have an express provision statutorily for compensation to the trustee for 5 86 fees when the plan is not confirmed. And that exist in Chapter 13 and 3 13 26. How do we get around that statutory problem that Evans and the other cases, you know, put out there? Your Honor, I think there's a couple answers to that. And first of all, in the history and when the Bankruptcy Act, the Reform Act was started in 1978, it talked about trustees shall collect their fees from the payments made under the plan. And in the 1986, when the when when Chapter 12 was added, the code was changed and 5 86 was changed and it added the word receipts. So it changed from the trustee will collect their payments for their fees from payments made under the planet says from receipts. And that was at the same time they added 12 26 12 26 is different. Your Chapter 12 is a different animal. And I think what they were trying to do is kind of give people notice of, you know, if you made a big payment in a Chapter 12 case, you know, in that case did not go any further, that you were subject to losing the trustee, the trustees percentage of fees on that payment. And Chapter 13 debtors are required to make their payments monthly, they're supposed to start making payments within 30 days of filing. And Chapter 12, those payments are voluntary. They're not always due prior to the file to the confirmation of a thing in Chapter 12 is there's those payments could be really big. That debtor could sell $100,000 piece of equipment and turn over a large sum of money. So I look at 1226 is more of a notice to the debtors that you know, this could happen. Well, I guess the issue, in my view is a conceptual issue. Okay, if five it was, it's a two parter. Okay. The first part is what Judge Spraker raised, which is what Evans basically says is, look, if 586 is thoroughly self contained, why did Congress need to deal with, you know, a fee question and what happens to a fee? And I hear what you're saying. It doesn't really resolve the analytical question for me of why you'd need to do that at 586. If the inquiry can begin and end in 586. What was Congress doing? And I, I hear you're saying it's a notice issue. But to me, it's a little deeper than that. And the second part of the question for me is, is it rational for us to think of 586 as totally deciding not just the administrative question of how much should the fees be? What should the ceilings be? What should happen if that's exceeded? And we can get to the refund issue in a minute or two, I bet you will. And I've got a couple questions about that. But not only all that, but how should it be disposed of once we're in a chapter 12 or 13 case? In my view, the second piece of this is harder for me to grasp. And maybe that's because I maybe the fundamental issue is I'm maybe not where you want me to be in terms of what collect ought to mean that collect doesn't necessarily mean collect and pay. But I mean, I to me, I see a very logical difference between what Congress is trying to do in 586. And what I think it's trying to do in the two different issues. So I've asked you a lot of questions. And I'm going to go ahead and take a whack at it. Okay. Well, I guess what I was trying to say is, you know, I think that Congress intended that the trustees already collected their fee pursuant to 586. When that payment comes in, you know, 586 doesn't say that the trustee is going to collect her. But you know, can I apologize? I mean, if the if the fee were payable separately to the trustee, I would see that much more easily, given that it derives from a payment that's going to go to creditors, and that will not go to creditors. If the case isn't confirmed, I have a harder time with that. I I understand. I'm, I wish I could frame a better argument. I just think it's what's makes the statutes have harmony. You know, to have a different result is a bad thing. You know, and I think that Congress didn't anticipate that trustees would have to give those fees back. Because otherwise, how do we fund our offices? You know, part of the basis, you know, when when Congress set up chapter 13, it was set up to be self funding. And the percentage fee was the way that they they got to that because you know, that way all the debtors would make a payment and it wasn't just, you know, if there was a small case that had payments of $50 a month, you can't administer this case for you. So I think it was a way to bring bankruptcy relief to all the debtors by by making it self funding, and to not have the trustee be allowed to keep those fees means that those debtors that, you know, didn't come to the bankruptcy court with a with a good plan, a feasible plan with good intentions, you know, they're getting a free ride. Yeah, and they're getting it on the backs of the cases where the debtors, you know, intend to confirm a plan. And we all know there's debtors that come to this court that are just trying to buy time for a loan modification. Okay, why? Why? Why doesn't why don't you take the money that as it comes? I mean, some of this is fighting custom and practice, right? Because you get the first payment, you don't take your 10% off the top or 8%, whatever that that percentage is under 586. The trustees generally wait until confirmation that that's the problem, that's that's not correct. Um, you know, we take our fee when that money post to the case that the trustees fee is pulled out of that. So our system is only showing you the amount that's available to unsecured creditors. We do collect our fee at the same time we post that payment. But why isn't that in the parlance of 1326 paid? I'm not sure I understand your question. It says that the trustees shall collect their receipt, their fee before any payments to creditors before at the same time before at the same time. That's correct. I mean, that leaves open the question of what the heck is before me. And that kind of befuddled me a little bit, too. So that that raises that that raises this issue. I can understand how 1326 882 suggests or a one suggests that what remains for the trustee to disperse upon dismissal of the case is only that amount that would have been payable to creditors. She's already taken her fee out. All she's got left is what's payable to creditors. And from that, she has to decide if there are 503 B claims that have to be paid. Otherwise, the balance goes back to the debtor. What's confusing is that 1326 B seems to 586 as if the 586 payment wasn't already taken by the trustee. So that's where there seems to be some incongruity among the statutes. So maybe you could help us with what do you think 1326 B is trying to accomplish by saying honor before and then recounting that the trustees payment is part of the honor before payments to in the priority that's occurring. How is that that you're taking your fee off the top from the very beginning as the plan payments are made? You follow that question? I do. And I think that stems historically when the Bankruptcy Act or the Chapter 13 program was first established, the trustee was paid their fees on disbursements. And what that resulted in was a lot of trustees that had offices that had a lot of funds sitting in the bank, but they couldn't take those funds to pay their expenses until those cases got confirmed. And so that money just sat there. And so when they did the 1986 Act, they recognized that that was a problem and that's why that said in 586 clearly the trustee will take their payments on receipts. And so that way the money came right into our office so that we could deposit those funds into our expense account and we could pay our salaries or rent you know of course all the expenses that go with running an office. And I think you says you know we'll collect those funnies before or at the time out. Okay. Did that answer your question? I think so. I mean I I'm sympathetic to your position and my understanding is B might be a timing question rather than an absolute you know a determination of what monies you're holding as much as it is saying you have to get paid before you can disperse money to creditors under the case. Or you have to you have to get paid as you're dispersing monies to creditors. And why I raise that is because you do make adequate protection payments. You do make in conduit cases if you're in a conduit jurisdiction you make conduit payments. If you were waiting to confirmation to get your money you could you would be violating the statute if you made those payments of creditors without taking your fee. And if your fee can't be payable until the case is confirmed you have a problem don't we that you'd be violating the correct. And you bring up another point with conduit payments or adequate protection payments. You know how is it fair that I should make adequate protection payments to creditors take that liability and put those claims make the disbursement incur all those expenses. And then if the debtor turns around a month later and says you know I really don't want to be here. Now not only do I have to refund the debtor you know his the money that I'm still holding it that I'm holding but I should go back and take the fee that I took on those payments and give that back to the debtor. You know I just don't think that's appropriate and I don't think that's what Congress intended. And I really think that the Congress tried to address this issue by putting that language in 586 in 1986 that said the trustee you'll collect your fees on the receipt shall collect it's not ambiguous and there's nothing in 586 that says anything about me refunding any of those fees. Can I can I ask a question about that language? Of course you may. Why why does it necessarily follow that collect on receipts means basically pay yourself? Why why couldn't it just as easily mean make sure it's there on receipts as in you're not going to have to go chase it later? Well what about collect means basically pay yourself? Because it the chapter 13 offices need to have needed to have those funds. I don't I don't I really good. What in the language dictates that result in your mind? Well how does collect receipts mean anything other than make sure you get an amount equal to so that you are you will be able to do this thing the code says you're supposed to do as opposed to do it now? Well I think that's what they tried to do when they added that word because if they don't have that then I have to sit on those funds. I think what you're suggesting is that okay I make sure the money's there but I don't pull it out of the case and then later down the road if the plan gets confirmed then I have those funds in their bail. I get let me let me put it this way I'm not saying I don't think the world would be a better place if you're right. The question is is this a judicial function or a congressional function? Congressional function. Well but no well that's the wrong answer. I mean I think Congress says we want you to get paid for doing this service for us. No I I don't I don't doubt that I don't doubt you have a really good reason for thinking that. The question I have is can I really get that from the statute or should Congress go back to work here and make it clearer? Because I'm not I'm not sick I'm not suggesting that you're not describing something that nobody would be very happy with you know but but I you know the question is I'm not finding facts here I'm just looking at the feel quite as compelled as you do. The proposition that collect upon receipt means pay yourself. So I think I'm sorry I think you get that from the statute because that section 586 is the only statute that deals with trustees compensation. 1326 doesn't deal with trustees compensation. 1326 deals with where the money goes. That's the problem. It deals with when I disperse those is is what I think you've argued before in your brief which is collect doesn't mean retain and hold. It would have said retain and hold the fee. Correct. It says collect. When you collect the filing fee, when you collect your fee, the word collect has a cognizance in in in our language that is substantially different than retain and hold or possess or you know maintain an account with. That's not what's going on here, right? I guess on the other side of the spectrum I would say I'm not convinced collect means pay yourself. I mean I wish Congress had used a better word but I'm I mean that's what I'm struggling with, okay? And and I respectfully disagree. I think that the definition of collect is to take the and okay. I'm sorry to hear somebody ask something. You judge breaker. Don't you have to recollect within the context of the second sentence which reads such individuals shall pay to the United States trustee and the United States trustee shall deposit. Don't as soon as you collect, isn't there an equal obligation to pay to the United States trustee? Doesn't that mean that it's not a hold and see what happens situation? That second sentence is imposing an affirmative obligation to in certain situations where the percentages work to pay the United States trustee in furtherance of the self-funding aspect that you described. I think it's immediate. You know I'm supposed to collect these funds and the only funds I refund to the US trustee system is if I've over collected, if I've taken more than than my statutory amount. But in confirmation. Right, correct. But you also don't true that up until the end of a quarter, correct? Or to the end of a fiscal year. End of a fiscal year, okay. Correct. You know we just we're having a little trouble making sense of the statute and I think you can you can see why. I can. Okay. I just know what the congressional intent was and it was that trustees need to get these funds. Okay. You know and I just want to put this into perspective too. I would tell you that in you know in fiscal year 2020 I had 185 new cases filed. You know and I'm not the smallest trustee in the circuit. You know Alaska, Montana, the North Idaho trustee are smaller. And of those 185 cases, 72 of them dismissed prior to confirmation. So 43% of my debtors didn't have to pay administrative fees even though my office is going to process those cases as if each one of them is going to result in a contract. I have no doubt in the world about that. Yep. All right I'm preaching to the choir. Is that in the record? You know that is not in the record. That is in my annual report to the trust to the US trustee that I created for the October that was due in October of this year and also you know filed with the US trustee for statute. Well we're a little over our time but I don't want to cut anybody off because this is a really important issue. Do any of my panel mates have any further questions? I do. One of the other pillars of Evans and the cases ruling against you is this concept of a revocable fee. I am having trouble with that concept. What I mean from your perspective you know I'm asking you to defend the other side but there's nothing that suggests that a fee is revocable. A fee especially in a self-funded program that's designed to essentially pay to play seems anathema. I mean you can come in and we'll hold your deposit and if you don't like what's going on you get your your fee back. That just doesn't. Well and I the problem is I agree with you totally it's because you know it nobody says that the debtors are going to get their filing fees back if they decided you know not to go ahead with their chapter 13. They're not revocable. The statute doesn't say they're revocable and I there's nothing in there that says these fees are revocable. The trustee shall collect her fees from all payments received under the plan. Can I ask you know in certain instances a chapter 13 debtor can pay a filing fee by installments and can pay administrative noticing by installments. I mean it's kind of I you know but the contrary in those situations when are those filing fees paid? Upon confirmation as soon as you get the money when are those fees paid? The court will enter an order that will either give a schedule that might say two months three months four months but the clerks tell me that they don't even look at it for a hundred and twenty days. The clerks also tell me that they won't confirm a plan if the filing fees aren't paid and they also and of course the code tells me I'm not even allowed to pay in a debtor's attorney's fees if the filing fees haven't been paid. You pay the filing fee upon getting enough money through the payments? I don't pay the filing fees but I am you know if the debtor doesn't pay the filing fees their case is subject to dismissal. And any portion of the filing fee that is paid by the debtor before dismissal isn't returnable to the debtor upon dismissal? Absolutely correct. It's a separate payment than the payment that's made through the plan. It's made to the clerk's office and the clerk holds that amount of money and they deal with it. It's a separate requirement that it be fulfilled in order to go forward with the case but it's not paid through you. Correct. And it's collected under a statute and it's not refundable and it's once it's received it's the money of the court. Correct. And if the debtor doesn't pay that fee then the case is subject to dismissal. Yeah but that's because it's a requirement in order to move forward that you pay the filing fee like in every other case unless it's been waived. And it wouldn't be waived. You know the other problem with of course with not allowing trustees to collect their percentage fees is it just creates a financial conflict of interest. You know you're telling trustees that they need to confirm plans when really our job is yes we want to confirm plans that should be confirmed and comply with all the requirements of the code but we want to be independent and be able to go to the court and say you know your honor I can't confirm this case because this is what's wrong with it or it doesn't comply with the code or whatever the reason might be and it kind of puts us in a bad position because we also need to be able to fund our offices so that we can help our debtors. The bottom line, Judge Spraker had a question about the about the financial situation that you were describing in the number of debtors in cases that were filed in your jurisdiction but we look at this issue as a statutory construction question, right? It doesn't turn on the facts. It doesn't turn on how much you charge. I mean it's whether the fee is payable, whether it's collectible as you've indicated or not by virtue of our application of the law. The facts don't change that, do they? Correct. Okay, is that satisfied, my panel mates? Thank you. Okay, thank you very much. Very good argument. We'll take this matter under submission. I appreciate it. You guys have a great rest of your day.
judges: Lafferty, Spraker, Gan